■ In the Matter of GEORGE F. NIEBLING et al., Appellants, v. ROBERT F. WAGNER et al., Constituting the Board of Estimate of the City of New York, et al., Respondents, and JACOB GOLDMAN et al., Intervenors-Respondents. In the Matter of JAMES ROCHE et al., Appellants, v. ROBERT F. WAGNER et al., Constituting the Board of Estimate of the City of New York, et al., Respondents, and JACOB GOLDMAN et al., Intervenors-Respondents.

Final orders entered July 16, 1962, dismissing the petitions in article 78 proceedings, affirmed, with $20 costs and disbursements to the respondents, on the opinion of Mr. Justice GELLER. [34 Misc 2d 920.]

McNALLY, J. (dissenting). I dissent and vote to reverse the final orders and sustain the reclassification and the transfers of petitioners to the position of Assistant Park Director.

In these proceedings under article 78 of the Civil Practice Act the. question presented is the validity of the reclassification and the transfers of the petitioners to the position of Assistant Park Director. The reclassification was part of a city-wide reclassification of some 125,000 positions which in its major respects was reviewed in *Matter of Mandle* v. *Brown* (5 N Y 2d 51).

On December 29, 1955 the Civil Service Commission of the City of New York approved the resolution of the Department of Personnel of the City of New

York establishing equivalent titles in respect of the ungraded position of Supervisor of Park Operations. The approved equivalent titles in inverse order of importance were: Supervisor of Park Operations, Senior Supervisor of Park Operations and Assistant Park Director. Thereafter the incumbents, including the petitioners herein, were provisionally classified as Supervisors of Park Operations. The provisional classification was followed by the distribution of position classification questionnaires which were filled out by the incumbents. On-the-job surveys were made thereafter. In the evaluations of the questionnaires and on-the-job surveys, out-of-title work was excluded.

Petitioners were transferred to the new position of Assistant Park Director. Consequent on the holding in *Matter of Carolan* v. *Schechter* (5 Misc 2d 753, affd. 8 A D 2d 804, affd. 7 N Y 2d 980), petitioners were informed their transfers were to be nullified and a competitive examination was to be held for the position of Assistant Park Director. Petitioners thereupon commenced these proceedings to preclude such action.

There is no dispute as to the propriety of the reclassification of the former ungraded position of Supervisor of Park Operations to the said equivalent titles, including that of Assistant Park Director. The reclassification confirmed an existing pattern of specialized activity within the ungraded position of Supervisor of Park Operations and accorded with the realities obtaining prior thereto. Such reclassification is clearly valid. (*Matter of Mandle* v. *Brown, supra.*)

The dispute pertains to the assignments of the petitioners-incumbents to the new position of Assistant Park Director. Respondents argue that the assignments of the petitioners to the said new position constitute invalid promotions in the absence of a competitive examination.

If the reclassification was valid, then the transfers of the petitioners to the equivalent titles predicated upon their record of prior performance of in-title work also were valid. The judicial scrutiny of the assignments of petitioners following the reclassification of the ungraded position of Supervisor of Park Operations is limited to ascertaining whether there is any rational basis therefor in the light of the in-title duties performed by them prior to the reclassification. (*Matter of Mandle* v. *Brown, supra.*) On this record it clearly appears that the petitioners prior to the reclassification were performing the duties of the reclassified title of Assistant Park Director.

The determinations appealed from are grounded largely on *Matter of Carolan* v. *Schechter (supra)*. *Carolan* is inapplicable; it involved a classification by the Park Commissioner made without statutory authority. Here the reclassification is pursuant to statute and the equivalent titles for the prior ungraded position of Supervisor of Park Operations are not disputed. Moreover, the *Carolan* classification conflicted with previously established civil service titles, which is not the case here.

Rabin, J. P., Eager and Steuer, JJ., concur in decision; McNally, J., dissents and votes to reverse the final orders in opinion, in which Valente, J., concurs.

Final orders entered July 16, 1962, dismissing the petitions in article 78 proceedings, affirmed, with $20 costs and disbursements to the respondents, on the opinion of Mr. Justice GELLER. [34 Misc 2d 920.]